## NEGRO LONDON v. ANNANIAS HUDSON.

Court of Common Pleas.  Sussex.  April, 1801.

*Wilson's Red Book, 368.*\*

*Mr. Ridgely* for the petitioner offered a deposition taken before John Postly of Maryland on proof of notice.  The rule under which it was taken was to take depositions generally on three days notice "before any judge or justice of the peace of the State of Maryland."

*Wilson* for defendant objected to the production because John Postly's commission is not certified, and proof that he acted as such is no evidence that he is a justice, unless he resided within the State of Delaware.  The case of *Hudson v. Gibbons, ante,* is directly in point.

*Ridgely.*  This rule was entered into by agreement and is not like a rule prayed upon the terms of the Constitution of this state.  This rule was not made under an impression that such evidence would be required, and the party ought not to be allowed to take advantage of his own agreement.  The best evidence possible is not always required, otherwise the certificate of Broadhead, Lukens and other officers of sister states would not be admissible, yet we constantly receive their copies without proof of their commissions.  This is a matter of general convenience, and no objection is ever made or allowed.  This evidence is also for the court.

*Wilson* and *Vining.*  There is no distinguishing this case from that of *Hudson v. Gibbons,* and the rule ought to be uniform. The agreement does but substitute notice instead of interrogatories.  It requires an officer instead of a commissioner, and not particularizing what shall be proof of his office, the law is to decide.  This case is not like that of a certificate and seal of a public officer, for the seals under the Constitution of the United States and Act of Congress may be considered as proving themselves.

---

\* This case is also reported in *Rodney's Notes*, April, 1801.

But that species of evidence has not always passed *sub silentio,* for in the case of the *Proprietary of Maryland v. Stephen Styer,* the question arose upon the production of an administration bond certified by Mr. Wise, Commissary of Worcester County, which on argument was admitted. The objection was afterwards made to a copy of courses under the seal of Mr. Callahan, Secretary of the Land Office in Maryland, in the case of *Rickards' Lessee v. Rickards, ante 214,* and submitted to the Court who admitted the copy. This state is a sovereign and independent government, and therefore proof that he acted as such is no evidence of a commission. *Vide* 4 Term 366, 3 Term 635, 632. Although this production is to the court and not to the jury, yet it is not a case of appeal to your legal discretion, which you often exercise with a jury at the bar. You now decide on facts (how constitutionally is not now open for discussion) as a chancellor would do, and like him will be guided by legal rules in the admission of evidence. You now exercise a summary jurisdiction which requires a strict construction of your powers, and a practice in no point at least more lax than the rules of the common law have delineated.

Per Curiam. Booth, C. J. In executing the powers of a summary jurisdiction we must act according to law and cannot receive the deposition; but at the same time we will not press the plaintiff into a trial unless the paper is admitted.

The cause was continued.